FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 31, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHAEL M., <br><br> Plaintiff, <br><br> v. <br><br> LELAND DUDEK, ACTING COMMISSIONER OF SOCIAL SECURITY,[1] <br><br> Defendant. | No. 1:23-CV-03183-JAG <br><br> ORDER GRANTING PLAINTIFF'S MOTION TO REVERSE THE DECISION OF THE COMMISSIONER |

**BEFORE THE COURT** are Plaintiff's Opening Brief and the Commissioner's Brief in response. ECF Nos. 10, 12. Attorney D. James Tree represents Michael M. (Plaintiff); Special Assistant United States John B. Drenning represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before the undersigned by operation of Local Magistrate Judge Rule (LMJR) 2(b)(2), as no party returned a Declination of Consent Form to the Clerk's Office by the established deadline. ECF No. 4.

After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Plaintiff's motion to reverse the decision of the Commissioner, **DENIES** Defendant's motion to affirm, and **REMANDS** the matter for further proceedings under sentence four of 42 U.S.C. § 405(g).

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Leland Dudek, Acting Commissioner of Social Security, is substituted as the named Defendant.

ORDER GRANTING PLAINTIFF'S MOTION . . . 1

## I. JURISDICTION

Plaintiff filed an application for benefits on March 23, 2020, alleging disability since December 13, 2019. The applications were denied initially and upon reconsideration. Administrative Law Judge (ALJ) Evangeline Mariano-Jackson held a hearing on November 17, 2022, and issued an unfavorable decision on December 14, 2022. Tr. 33-46. The Appeals Council denied review on September 28, 2023. Tr. 2-7. Plaintiff appealed this final decision of the Commissioner on November 27, 2023. ECF No. 1.

## II. STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1098; *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th

Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

### III.   SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). At steps one through four, the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-99. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work and (2) the claimant can perform other work that exists in significant numbers in the national economy. *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

### IV.   ADMINISTRATIVE FINDINGS

On December 14, 2022, the ALJ issued a decision finding Plaintiff not disabled. Tr. 33-46.

At **step one**, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 35.

At **step two**, the ALJ determined Plaintiff had the following severe impairments: post-traumatic headaches (not intractable); major depressive disorder; anxiety; and amphetamine use disorder. Tr. 36.

At ***step three***, the ALJ found these impairments did not meet or equal the requirements of a listed impairment. Tr. 36.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and determined that Plaintiff could perform medium work subject to the following additional limitations:

> [F]requent but not constant overhead reaching with the bilateral upper extremities; can understand, remember and carry out detailed but not complex instructions; can tolerate occasional changes in the work setting; can never perform assembly line work; can tolerate occasional interactions with co-workers, but is limited to tasks not requiring frequent cooperation; and can tolerate occasional, brief, and superficial interaction with the public.

Tr. 38.

At ***step four***, the ALJ found Plaintiff could perform past relevant work as a conveyer feeder-offbearer. Tr. 44.

Alternatively, at ***step five***, the ALJ found there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, to include cleaner II, wall cleaner, and floor waxer. Tr. 46.

The ALJ thus concluded Plaintiff was not disabled from the alleged onset date through the date of the decision. Tr. 46.

## V.    ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff raises the following issues for review: (A) whether the ALJ improperly evaluated the medical opinion evidence; (B) whether the ALJ erred by discounting Plaintiff's testimony; (C) whether the ALJ erred by failing to properly develop the record; and (D) whether the ALJ erred in assessing Plaintiff's spinal disorder. ECF No. 10 at 2.

## VI. DISCUSSION

### A. Medical Evidence.

Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. 20 C.F.R. § 416.920c(a)-(c). An ALJ's consistency and supportability findings must be supported by substantial evidence. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022). Plaintiff argues the ALJ misevaluated five medical opinions. ECF No. 10 at 18-21. The Court addresses each in turn.

#### 1. *Emma Billings, Ph.D.*

Dr. Billings examined Plaintiff on November 9, 2020, conducting a clinical interview, performing a mental status examination, and administering a battery of tests over a four-and-a-quarter-hour period. Tr. 465-72. Among other things, Dr. Billings noted Plaintiff would have "difficulty with remaining on task," Tr. 471, and would "likely benefit from a designate payee" if awarded benefits, Tr. 467. The ALJ found the opinion "less persuasive" than the opinions of the reviewing physicians. Tr. 43-44.

The ALJ first discounted the opinion as "somewhat vague and not explained in terms of functioning in a work environment." Tr. 44. The ALJ noted that Dr. Billings did "not provide any insight into whether the claimant would be able to focus sufficiently to perform simple, routine, repetitive tasks and would simply have difficulty with more complex tasks, or whether he cannot focus on any type of task"; did "not provide any information regarding whether the setting, or environment, would play a role in the claimant's ability to remain on tasks"; did "not indicate whether the claimant may be able to focus in a routine environment with little interaction with others, or whether he cannot focus in any environment"; and did "not provide any information regarding the extent of the claimant's

focusing difficulties in terms how much this problem would affect his ability to function throughout an eight-hour workday and whether it would be an intermittent problem, or a more frequent concern." Tr. 44. Rather than discount the doctor's opinion on this basis, however, the ALJ should have contacted Dr. Billings to obtain a more fulsome medical source statement, lest potentially significant and probative evidence from the only examining mental health provider be excluded from the record. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) ("The ALJ in a social security case has an independent duty to fully and fairly develop the record and to assure that the claimant's interests are considered.") (internal quotation marks and citations omitted).

The ALJ also discounted the opinion as "not supported by the record as a whole." Tr. 44. The ALJ did not elaborate on this finding, other than to note that the record "does not document the fidgeting, restlessness, and inability to focus on a conversation she reports." Tr. 44. This was error. *Cf. Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (rather than merely stating their conclusions, ALJs "must set forth [their] own interpretations and explain why they, rather than the doctors', are correct") (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)).

The ALJ accordingly erred by discounting the opinion.

### 2. *Howard Platter, M.D., Dorothy Leong, M.D., Matthew Comrie, Psy.D., and Howard Atkins, Ph.D.*

The ALJ found the opinions of Drs. Platter and Leong, concerning Plaintiff's physical condition and functioning, "persuasive," and the opinions of Drs. Comrie and Atkins, concerning Plaintiff's mental condition and functioning, "generally persuasive." Tr. 43-44. Although the ALJ was not required to provide reasons in support of incorporating medical opinions into the residual functional capacity determination, *see Turner v. Comm'r of Soc. Sec. Admin.*, 613 F.3d 1217, 1223

(9th Cir. 2010), because the ALJ erred by discounting the opinion of Dr. Billings, as discussed above, the ALJ must also reassess the opinions of these reviewing physicians anew on remand.

B.      **Plaintiff's Testimony.**

Plaintiff contends the ALJ erroneously discounted his testimony. ECF No. 10 at 11-18. Where, as here, the ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). The Court concludes the ALJ failed to offer clear and convincing reasons to discount Plaintiff's testimony.

The ALJ first discounted Plaintiff's testimony as inconsistent with the medical evidence. Tr. 39-42. However, because the ALJ erred in assessing the opinion of Dr. Billings, and necessarily failed to properly evaluate the medical evidence, as discussed above, this is not a valid ground to discount Plaintiff's testimony.

The ALJ next discounted Plaintiff's testimony as inconsistent with his activities, noting, among other things, Plaintiff "does not have any difficulty taking care of his personal needs, does not need reminders to do things, prepares meals on a daily basis, and does laundry and other chores" and "spends time reading, watching television, and going for walks." Tr. 42. Plaintiff's activities are neither inconsistent with nor a valid reason to discount his allegations. *See Diedrich v. Berryhill*, 874 F.3d 634, 643 (9th Cir. 2017) ("House chores, cooking simple meals, self-grooming, paying bills, writing checks, and caring for a cat in one's own home, as well as occasional shopping outside the home, are not similar to

ORDER GRANTING PLAINTIFF'S MOTION . . . 7

typical work responsibilities."); *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) ("This court has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability. One does not need to be 'utterly incapacitated' in order to be disabled.") (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989), *superseded on other grounds by* 20 C.F.R. § 404.1502(a)); *Reddick*, 157 F.3d at 722 ("Several courts, including this one, have recognized that disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations."); *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987) (noting that a disability claimant need not "vegetate in a dark room" in order to be deemed eligible for benefits). Similarly, Plaintiff's activities do not "meet the threshold for transferable work skills." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citing *Fair*, 885 F.2d at 603). The ALJ accordingly erred by discounting Plaintiff's testimony on this ground.

Finally, the ALJ appeared to discount Plaintiff's testimony on the ground he "stopped working due to reasons other than any impairment-related limitations," noting Plaintiff "was fired from his last job due to a change in the union contract that altered the way unexcused absences were handled." Tr. 42. Notably, the Commissioner does not defend this finding. Nevertheless, the Court need not determine whether the ALJ appropriately discounted Plaintiff's testimony on this ground because "one weak reason," even if supported by substantial evidence, "is insufficient to meet the 'specific, clear and convincing' standard" for rejecting a claimant's testimony. *Burrell v. Colvin*, 775 F.3d 1133, 1140 (9th Cir. 2014) (quoting *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 416.920(a)).

The ALJ accordingly erred by discounting Plaintiff's testimony.

ORDER GRANTING PLAINTIFF'S MOTION . . . 8

## VII.  CONCLUSION

Because the Court remands the matter on the grounds addressed above – and, in turn, the ALJ will necessarily develop the record and determine whether the RFC needs to be adjusted – the Court need not reach Plaintiff's remaining assignments of error.  *See PDK Labs. Inc. v. DEA*, 362 F.3d 786, 799 (D.C. Cir. 2004) ("[I]f it is not necessary to decide more, it is necessary not to decide more.") (Roberts, J., concurring in part and concurring in the judgment).

On remand, the ALJ shall develop the record, including by ordering a physical consultative examination; reevaluate the medical opinions addressed herein; reassess Plaintiff's testimony; reevaluate Plaintiff's spinal disorder; and complete the steps of the sequential evaluation, as appropriate.

Having reviewed the record and the ALJ's findings, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further proceedings under sentence four of 42 U.S.C. § 405(g).

Therefore, **IT IS HEREBY ORDERED**:

1. Plaintiff's motion to reverse, **ECF No. 10**, is **GRANTED**.
2. Defendant's motion to affirm, **ECF No. 12**, is **DENIED**.
3. The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant.  Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED March 31, 2025.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE